**United States District Court**
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5                   EUREKA DIVISION

6

7  VANCE LAVELL BOLDEN,

8                 Plaintiff,                          No. C 15-0986 NJV (PR)

9       v.                                            **ORDER OF DISMISSAL WITH**
                                                      **LEAVE TO AMEND**
10  J. HOWLIN, et. al.,

11                 Defendants.
                                    /
12

13          Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14  The court dismissed Plaintiff's original complaint with leave to amend and Plaintiff filed an

15  amended complaint.  (Docs. 4, 5.)

16                              **DISCUSSION**

17  **A.     Standard of Review**

18          Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.  When there are

well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009).

       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements:  (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged deprivation was committed by a person acting under the

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

       Plaintiff alleges that he was denied proper mental health care.

       Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104

(1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other

grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A determination of "deliberate indifference" involves an examination of two elements: the

seriousness of the prisoner's medical need and the nature of the defendant's response to

that need.  *Id.* at 1059.

       A "serious" medical need exists if the failure to treat a prisoner's condition could

result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The

United States District Court

For the Northern District of California

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff states that his commitment offense involved him murdering his roommate. Plaintiff currently has a cellmate and has anxiety and hallucinations in which his murdered roommate appears in the body of his cellmate. Plaintiff seeks a single cell. Plaintiff states that he appeared before a mental health interdisciplinary treatment team housing program recommendation board that concluded he does not have mental health issues that warrant a single cell. Plaintiff identifies several defendants who were on the board and alleges they were deliberately indifferent to his mental health needs.

The court dismissed Plaintiff's original complaint was with leave to amend to enable Plaintiff to provide more information regarding the mental health care that was denied and the actions of the individual defendants. Plaintiff has failed to describe if he has sought any other services other than a single cell, and if he has been provided mental health care or if

3

United States District Court

For the Northern District of California

1   it has been denied.[1]  While plaintiff may be able to present a cognizable claim he has

2   provided little information which only indicates a difference of opinion.  Plaintiff's bare

3   allegations are insufficient to state a claim under *Iqbal*.  "A claim has facial plausibility when

4   the plaintiff pleads factual content that allows the court to draw the reasonable inference

5   that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S., at 678.  The

6   complaint will be dismissed with leave to amend to allow plaintiff to provide more

7   information and describe the actions of the defendants.

8          Plaintiff should also indicate if he seeks monetary or injunctive relief.  While he

9   stated he sought injunctive relief in a prior complaint, he did not indicate this in the

10  amended complaint and because an amended complaint completely replaces the original

11  complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*

12  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the

13  original complaint by reference.

14                                        **CONCLUSION**

15         1.  The amended complaint is **DISMISSED** with leave to amend in accordance with

16  the standards set forth above.  The second amended complaint must be filed within

17  **twenty-eight (28) days** of the date this order is filed and must include the caption and civil

18  case number used in this order and the words SECOND AMENDED COMPLAINT on the

19  first page.  Because an amended complaint completely replaces the original complaint,

20  plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963

21  F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original

22  complaint by reference.  Failure to amend within the designated time will result in the

23  dismissal of this action.

24         2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

25  court informed of any change of address by filing a separate paper with the clerk headed

26  _____

27         [1]  In an exhibit in the original complaint prison officials suggested plaintiff continue to
    work with his primary clinician and perhaps psychiatry.  It is not clear if plaintiff pursued these

28  services.

**United States District Court**
For the Northern District of California

1    "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

2    Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

3    Federal Rule of Civil Procedure 41(b).

4    **IT IS SO ORDERED.**

5

6    Dated: May 14, 2015.

                                         NANDOR J. VADAS

7                                            United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28