UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

VANCE LAVELL BOLDEN,

        Plaintiff,

    v.

J. HOWLIN, et. al.,

        Defendants.

                               /

No. C 15-0986 NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court dismissed Plaintiff's amended complaint with leave to amend and he has filed a second amended complaint. (Doc. 7.)

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he was denied proper mental health care.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff states that his commitment offense involved him murdering his roommate. He previously had a cellmate in prison which resulted in anxiety and hallucinations that his murdered roommate would appear in the body of his cellmate. Plaintiff is currently in a single cell, but this is temporary and he seeks a permanent single cell assignment as a solution to his mental health issues. Defendants, who are part of a mental health interdisciplinary treatment team, concluded that plaintiff's mental health issues do not warrant a permanent single cell but have provided plaintiff with medication. In addition, plaintiff has been working with a clinician, and he has participated in an alternative to violence program. Plaintiff alleges that denial of a permanent single cell violates the Eighth Amendment.

Despite being granted several opportunities to amend his complaint, plaintiff has still failed to demonstrate a constitutional violation. Rather, he describes a difference of opinion with medical staff regarding treatment of his mental condition. This is insufficient to obtain

relief and plaintiff has failed to present sufficient allegations under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678. Plaintiff is currently in a single cell and has been provided mental health treatment with a clinician, medication, and the alternative to violence program. He has failed to show that defendants have been deliberately indifferent to his mental health needs based on the care that is being provided.[1] Further, plaintiff currently has the single cell assignment which he seeks through this action, and the court cannot grant permanent injunctive relief absent the showing of a current violation of federal law. *See* 18 U.S.C. § 3626(a)(1) ( court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting injunctive relief).

As plaintiff has already been provided several opportunities to amend, and because further amendment would be futile, this action is dismissed with prejudice.

## CONCLUSION

1. This case is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 14, 2015.

NANDOR J. VADAS
United States Magistrate Judge

---

[1] Plaintiff has also failed to identify the actions on any specific defendant.